UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| CHARLES RUTLEDGE, | ) | |
| | ) | |
| Plaintiff, | ) | No. 3:13-cv-00703 |
| | ) | Judge Sharp |
| v. | ) | |
| | ) | |
| TENNESSEE DEPARTMENT | ) | |
| OF CORRECTION, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## **M E M O R A N D U M**

The plaintiff is an inmate housed at the Riverbend Maximum Security Institution in Nashville, Tennessee. He brings this *pro se, in forma pauperis* action under 42 U.S.C. § 1983 against a number of defendants, alleging that they violated his constitutional rights by terminating him from his prison job. (Docket No. 1).

**I.   Prison Litigation Reform Act Standard**

Under the Prison Litigation Reform Act (PLRA), the courts are required to dismiss a prisoner's complaint if it is determined to be frivolous, malicious, or if it fails to state a claim on which relief may be granted. 28 U.S.C. § 1915A(b). A complaint is frivolous and warrants dismissal when the claims "lack[] an arguable basis in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *see Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999). Claims lack an arguable basis in law or fact if they contain factual allegations that are fantastic or delusional, or if they are based on legal theories that are indisputably meritless. *Id.* at 327-28; *Brown v. Bargery*, 207 F.3d 863, 866 (6th Cir. 2000); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198-99 (6th Cir. 1990).

1

**II.    Section 1983 Standard**

The plaintiff seeks relief pursuant to § 1983. To state a claim under § 1983, the plaintiff must allege and show: (1) that he was deprived of a right secured by the Constitution or laws of the United States; and (2) that the deprivation was caused by a person acting under color of state law. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981)(overruled in part by *Daniels v. Williams*, 474 U.S. 327, 330 (1986)); *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-56 (1978); *Black v. Barberton Citizens Hosp.*, 134 F.3d 1265, 1267 (6th Cir. 1998). Both parts of this two-part test must be satisfied to support a claim under § 1983. *See Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

**III.   Allegations in the Complaint**

The plaintiff alleges that, while incarcerated at the Riverbend Maximum Security Institution, he held the paid position of "intake job" from October 2011 to September 2012 for which he earned sixty dollars ($60) a month. The plaintiff alleges that he performed his job well and achieved a lower security status as a result of his job performance. According to the plaintiff, in September 2012, the plaintiff was terminated from his prison job without a hearing or warning from his supervisor. The plaintiff alleges that he was terminated due to the false complaints of another inmate who was angry with the plaintiff for having reprimanded the inmate for spilling paint. The plaintiff also alleges that Tennessee Department of Corrections Policy "505.07 pages 15 #6 (A & C)" was not followed when the plaintiff's job was terminated. (Docket No. 1 at pp. 6-7).

**IV.    Analysis of Section 1983 Claim**

The plaintiff asserts that the defendants terminated him from his job without justification and without providing the plaintiff with the proper documentation and procedure in violation of the due process clause. However, "[w]ithout a protected liberty or property interest, there can be no federal

procedural due process claim." *Experimental Holdings, Inc. v. Farris*, 503 F.3d 514, 519 (6th Cir. 2007)(citing *Bd. of Regents of State Colleges v. Roth*, 408 U.S. 564, 579 (1972)). In *Sandin v. Conner*, 515 U.S. 472, 484 (1995), the Supreme Court set forth the standard for determining when a state-created right creates a federally cognizable liberty interest protected by the due process clause. According to the *Sandin* Court, a prisoner is entitled to the protections of due process only when the sanction "will inevitably affect the duration of his sentence" or when a deprivation imposes an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin*, 515 U.S. at 486–87; *see also Jones v. Baker*, 155 F.3d 810, 812 (6th Cir. 1998); *Rimmer–Bey v. Brown*, 62 F.3d 789, 790–91 (6th Cir. 1995).

The Sixth Circuit consistently has found that prisoners have no constitutionally protected liberty interest in prison employment under the Fourteenth Amendment. *See, e.g., Dellis v. Corr. Corp. of Am.*, 257 F.3d 508, 511 (6th Cir. 2001) (district court properly dismissed as frivolous the plaintiff's claim that he was fired from his prison job); *Newsom v. Norris*, 888 F.2d 371, 374 (6th Cir.1989) (no constitutional right to prison employment); *Ivey v. Wilson*, 832 F.2d 950, 955 (6th Cir.1987) ("[N]o prisoner has a constitutional right to a particular job or to any job"); *Carter v. Tucker*, No. 03–5021, 2003 WL 21518730, at *2 (6th Cir. July 1, 2003) (same). Morever, "as the Constitution and federal law do not create a property right for inmates in a job, they likewise do not create a property right to wages for work performed by inmates." *Carter*, 2003 WL 21518730, at *2 (citing *Williams v. Meese*, 926 F.2d 994, 997 (10th Cir. 1991) and *James v. Quinlan*, 866 F.2d 627, 629–30 (3d Cir.1989)). Thus, the plaintiff here has no constitutionally protected liberty interest in his prison intake job.

Further, because the plaintiff has no liberty interest in his prison employment, he cannot show that any false information was relied upon to a constitutionally significant degree. *See, e.g., Caldwell v. McNutt*, No. 04–2335, 2006 WL 45275, at * 1 (6th Cir. Jan. 10, 2006) ("[E]ven if the Parole Board relied on inaccurate information to deny Caldwell parole, it did not violate any liberty interest protected by the United States Constitution."); *Echlin v. Boland*, No. 03–2309, 2004 WL 2203550, at *2 (6th Cir. Sept. 17, 2004) (prisoner could not bring a § 1983 action to challenge the information considered by the parole board because he has no liberty interest in parole); *see also Draughn v. Green*, No. 97–1263, 1999 WL 164915, at *2 (6th Cir. Mar. 12, 1999) (in order for the due process clause to be implicated, false information in a prisoner's file must be relied on to a constitutionally significant degree); *Pukyrys v. Olson*, No. 95–1778, 1996 WL 636140, at * 1 (6th Cir. Oct. 30, 1996) (no constitutional violation by having false information placed in a prison file); *Carson v. Little*, No. 88–1505, 1989 WL 40171, at *1 (6th Cir. Apr. 18, 1989) (inaccurate information in an inmate's file does not amount to a constitutional violation).

The plaintiff also claims that the defendants did not follow TDOC policies when they terminated his prison employment. Procedural requirements alone do not create a substantive liberty interest, and mere violation of such procedures is not a constitutional violation. *Hewitt v. Helms*, 459 U.S. 460, 471 (1983); *Levin v. Childers*, 101 F.3d 44, 46 (6th Cir.1996) ("there is a fundamental logical flaw in viewing the process as a substantive end in itself"); *Harrill v. Blount County, Tenn.*, 55 F.3d 1123, 1125 (6th Cir. 1995) (state law cannot create a federal constitutional right); *Spruytte v. Walters*, 753 F.2d 498, 508 (6th Cir.1985) (violation of state law does not by itself constitute deprivation of due process). After *Sandin*, it is clear that mandatory language in prison regulations does not create a liberty interest protected by the due process clause. *Rimmer–Bey v.*

4

*Brown*, 62 F.3d 789, 790–91 (6th Cir. 1995). Thus, to the extent that the complaint asserts that the defendants did not comply with TDOC regulations in connection with the termination of the plaintiff's prison job, the plaintiff has not suffered any deprivation of due process because of such noncompliance.

For all these reasons, the court finds that the plaintiff fails to state a due process claim arising from the termination of his prison employment, from the allegedly false information upon which that termination rested, or from the defendants' failure to follow their own policies.

**V.     Conclusion**

For the reasons explained above, the court finds that the plaintiff has failed to state a claim upon which relief can be granted pursuant to § 1983. *See* 28 U.S.C. § 1915A(b). As such, his complaint will be dismissed.

An appropriate Order will be entered.

Kevin H. Sharp
United States District Judge